IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENETICS INSTITUTE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 08-290-SLR |
| | ) | |
| NOVARTIS VACCINES AND | ) | |
| DIAGNOSTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 7th day of May, 2009, having considered the parties'

submissions regarding scheduling trial in this 35 U.S.C. § 291 action in view of the

impending expiration of U.S. Patent No. 4,868,112 ("the '112 patent"), and the degree

of substantive overlap between the priority of invention issue to be tried in this case and

the invalidity issues to be tried in copending litigation in the United States District Court

for the Eastern District of Texas,[1] the court finds as follows:

1.  The '112 patent expires February 28, 2010.  Plaintiff seeks a declaration of

priority of the '112 patent over U.S. Patent Nos. 6,060,447 ("the '447 patent") and

6,228,620 ("the '620 patent"), licensed to defendant.  Plaintiff asserts that the '447 and

'620 patents claim the same subject matter as its '112 patent and seeks to invalidate

those patents.  In the Texas litigation, defendant has asserted infringement of the '447

and '620 patents against Wyeth, plaintiff's parent company.  Defendant contends that

the '112 patent will be asserted against the '447 and '620 patents as prior art in the

_____

[1]E.D. Tex. Civ. No. 08-067 (hereinafter, the "Texas litigation").

Texas litigation.[2]

2.  The '447 and '620 patents will not expire until 2017 and 2018, respectively.

There is a strong public interest in protecting the public from an unlawful monopoly, that

is, in ensuring that the public is not restrained from practicing the invention of the '112

patent after February 28, 2010 by the legal operation of invalid patents.

3.  35 U.S.C. § 291, under which this interference action is brought, provides as

follows:

> The owner of an interfering patent may have relief against the owner of another
> by civil action, and the **court may adjudge** the question of the validity of the
> interfering patents, in whole or in part.  The provisions of the second paragraph
> of section 146 of this title shall apply to actions brought under this section.

(emphasis added)  In contrast, 35 U.S.C. § 135(a) provides that:

> (a)  Whenever an application is made for a patent which, in the opinion of the
> Director, would interfere with any pending application, or with any **unexpired
> patent**, an interference may be declared and the Director shall give notice of
> such declaration to the applicants, or applicant and patentee, as the case may
> be.  The Board of Patent Appeals and Interferences **shall determine** questions
> of priority of the inventions and may determine questions of patentability.

(emphasis added)  In contrast to the Board, which must determine priority, the court

has the discretion to adjudge priority in a suit brought under § 291.

4.  The question of whether an interference exists goes to the court's subject

matter jurisdiction in a § 291 suit.  *See Albert v. Kevex Corp.*, 729 F.2d 757, 760-61

(Fed. Cir. 1984).  The parties have focused their arguments on whether subject matter

jurisdiction will be lost upon the '112 patent's impending expiration.  This question,

---

[2]Priority of invention under § 291 is determined by the court under the standard
found in 35 U.S.C. § 102(g), the subsection under which a patent may be invalidated
due to prior invention.  *See Bell Telephone Labs., Inc. v. Hughes Aircraft Co.*, 422 F.
Supp. 372, 374 (D. Del. 1976).

however, presupposes that the court has jurisdiction in the first instance.

5. The court has an independent duty to confirm jurisdiction. *See, e.g., United States Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388-89 (3d Cir. 2002).

6. Courts do not have subject matter jurisdiction under § 291 unless there exists an interference-in-fact. *See Albert*, 729 F.2d at 176 ("Until it is determined that there are patents which do, in fact, interfere, § 291 simply does not apply. Nor is § 291 comparable to the declaratory judgment statute."). To determine interference-in-fact, the court must determine whether the patents "have the same or substantially the same subject matter in similar form as that required by the PTO pursuant to 35 U.S.C. § 135. . . [T]wo patents interfere only if (1) invention A either anticipates or renders obvious invention B, where Party A's claimed invention is presumed to be prior art vis-à-vis Party B and (2) vice versa." *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1161 (Fed. Cir. 2006) (internal citations and quotations omitted).

7. The court also does not have subject matter jurisdiction unless plaintiff is the owner of the '112 patent. Defendant contested plaintiff's ownership on a motion to dismiss. Plaintiff and/or Wyeth, its parent company, have held out (to the PTO and to this court in separate litigation) that Wyeth owns the '112 patent, while the most recent assignment recorded with the PTO and documents submitted in connection with this litigation indicate that plaintiff never transferred its interest in the '112 patent to Wyeth. The court denied defendant's motion without prejudice to renew and permitted discovery in this case to proceed in an effort to vet the issue.

8. Accordingly, and insofar as the court promptly seeks to resolve all jurisdictional issues, IT IS ORDERED that:

3

9.  On or before **May 19, 2009**, plaintiff shall identify:  (a) the relevant claims of the competing patents; (b) what it believes to be the critical claim limitations; (c) its claim constructions; and (d) relevant intrinsic and extrinsic evidence.

10.  On or before **June 9, 2009**, defendant shall respond in kind.

11.  The parties may pursue limited discovery related to claim construction, such discovery to be completed by **July 27, 2009**.

12.  Simultaneous briefs on claim construction shall be filed on or before **August 10, 2009**.  Responsive briefs shall be filed **August 24, 2009**.

13.  The parties will complete jurisdictional discovery by **July 29, 2009**.[3]

14.  On or before **August 10, 2009**, defendant shall renew its motion to dismiss based on the developed record.  Plaintiff shall file its answering brief on **August 24, 2009**.  Defendant may reply at oral argument.

15.  Oral argument shall be conducted on **Thursday, September 3, 2009** at 11:00 a.m. in Courtroom 6B.

16.  Plaintiff's motion to set a trial date (D.I. 22) is denied without prejudice.

17.  Defendant's motion for reargument (D.I. 29) is denied.

United States District Judge

---

[3]The court previously scheduled an in-person status conference for Monday, June 22, 2009.  Argument on the parties' recent submissions is no longer necessary, however, the court will hold open this date for a discovery conference should the parties have any unresolved discovery disputes as of that time.  The parties shall promptly inform the court if they do not have issues to address or, alternatively, if they agree that any such issues may be handled via teleconference.