IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENETICS INSTITUTE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-290-SLR |
| | ) |
| NOVARTIS VACCINES AND | ) |
| DIAGNOSTICS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 7th day of August, 2009, having considered the parties' *in camera* submissions regarding ownership of the '112 patent responsive to the court's order of July 28, 2009 (D.I. 75), the court finds as follows:

1. It is undisputed that Genetics Institute, Inc. was the original assignee of the '112 patent from inventor John J. Toole ("Toole"). (D.I. 11, exs. 2, 3)

2. It is undisputed that Genetics Institute, Inc. transferred certain assets and properties to American Home Products Corporation ("AHP"), effective as of 11:59 p.m. on December 31, 2001. (P.Ex.[1] 3, HFHYWP38096)

3. It is undisputed that Genetics Institute, Inc. changed its name to Genetics Institute LLC effective 12:01 a.m. on January 1, 2002. (P.Ex. 2, WYE16431)

4. There are no legal documents conveying title of the '112 patent to Wyeth.

5. There are several inconsistencies of record, however, with respect to the

---

[1] Plaintiff's exhibits submitted in connection with its letter docketed at D.I. 78. The court refers to production document numbers (Bates numbers) of all cited exhibits for additional reference.

ownership of the '112 patent, including the following:

    a. A patent license agreement executed on April 20, 2000 between Aventis and AHP lists the '112 patent. (D.Ex. 3A,[2] WYE68079)

    b. On March 13, 2002, a "Certificate of the Secretary of State of Delaware showing the conversion of Genetics Institute, Inc. from a Delaware Corporation to a Delaware Limited Liability Company and changing its name to Genetics Institute, LLC" was recorded at the PTO. This change of name recordation listed a "Correspondent address" as "Kay E. Brady" of the "Wyeth Law Department" in Madison, New Jersey. (P.Ex. 6, WYE16428)

    c. On May 1, 2002, a statement under 37 C.F.R. § 1.602 was filed in *Vehar v. Toole* (Patent Interference No. 103,215) characterizing Wyeth as owning "all right, title and interest" in the '112 patent. (J.Ex.[3] 9, WYE30425-27)

    d. On June 7, 2002, another "Certificate of the Secretary of State of Delaware showing the conversion of Genetics Institute, Inc. from a Delaware Corporation to a Delaware Limited Liability Company and changing its name to Genetics Institute, LLC" was recorded at the PTO. This resubmission of the recordation of name change also listed a "Correspondent address" as "Kay E. Brady" of the "Wyeth Law Department" in Madison, New Jersey. (P.Ex. 6, WYE16417)

    e. On March 2, 2004, a pleading was filed in *Genentech, Inc. v. Wyeth*,

---

[2]Defendant's exhibits submitted in connection with its letter docketed at D.I. 76. These exhibits were intended to supplement the parties' previous joint submission.

[3]Exhibits submitted jointly in connection with the parties' letter docketed at D.I. 68.

Civ. No. 03-1160-GMS, in which Wyeth admitted that it owned the '112 patent. (J.Ex. 11, WYE14941-44 at ¶ 8)

    f. On November 29, 2005, the PTO acknowledged receipt of an agreement under 35 U.S.C. § 135(c) filed by Toole wherein the "real party in interest" was identified as "Wyeth Pharmaceuticals, Genetics Institute LLC (for John J. Toole)." (D.Ex. 15A, WYE69277-78)

    g. A binding term sheet between Wyeth and Wyeth Farma, S.A., dated October 1, 2006, granted Wyeth Farma, S.A. an exclusive worldwide license by Wyeth (not Genetics Institute LLC) to "make, use, and sell . . . a product covered by" the '112 patent. (D.Ex. 15B, WYE68490-91)

    h. On June 2, 2009, a license agreement was executed between Wyeth, Genetics Institute and Wyeth Farma, S.A., granting Wyeth Farma, S.A. an exclusive worldwide license under the '112 patent, effective October 1, 2006. (D.Ex. 17, WYE68523-47)

7. Accordingly, and in view of the ambiguity existing on the current record, IT IS ORDERED that:

8. On or before **August 19, 2009**, plaintiff may file a disclaimer executed by Wyeth pertaining to any rights in the '112 patent.

9. If no filing occurs pursuant to ¶ 8 of this Order, defendant shall be permitted further, unfettered discovery as to plaintiff's standing to bring this action.[4]

---

[4] Plaintiff will respond to defendant's outstanding discovery requests. The court may address defendant's request for a Special Discovery Master at such further time as it feels is appropriate.

3

10. The court will conduct a teleconference with the parties on **August 20, 2009** at **10:00 a.m.** to discuss deadlines for jurisdictional discovery and the briefing and oral argument schedule provided in the court's May 7, 2009 Memorandum Order. (D.I. 54, ¶¶ 13-15)

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　United States District Judge